IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROCHELLE SAULSBERRY,

                Plaintiff,

v.                                1:07-cv-01542-WSD

MORINDA, INC., a/k/a
Tahitian Noni International, Inc.,

                Defendant.

## OPINION AND ORDER

Plaintiff Rochelle Saulsberry's ("Plaintiff") original Complaint seeks declaratory judgment for an alleged breach of the distribution agreement between her and Defendant Tahitian Noni International, Inc. ("Defendant")[1] and damages for Defendant's alleged violations of Georgia Fair Business Practices Act of 1975 (the "GFBPA"). The matter is before the Court on Defendant's Motion for Partial Judgment on the Pleadings [9] and on Plaintiff's Motion to Amend [11].

---

[1] Defendant advised that it changed its name in November 2004 from Morinda, Inc. to Tahitian Noni International, Inc.

**I.      FACTUAL BACKGROUND**

Plaintiff operates a distributorship for Tahitian Noni products pursuant to a written agreement with Defendant and pursuant to Tahitian Noni's Policy Manual and Compensation Plan. Bertha J. Wilson ("Wilson") and Brenda Lyles ("Lyles") are also distributors of Tahitian Noni products. Plaintiff's distribution agreement with Defendant provides for personal and placement sponsors[2] by Plaintiff of other distributors.

Sometime prior to October 2006, Plaintiff applied to Defendant to become Wilson's personal sponsor. Plaintiff also applied for Wilson to become Lyles' placement sponsor. Plaintiff alleges to have complied with all requirements and conditions for those changes as set forth in Defendant's Policy Manual.

In October 2006, Defendant denied Plaintiff's requested sponsorship changes for Wilson and Lyles. Plaintiff alleges that Defendant denied the sponsorship changes because she is a black female and that Defendant made untrue and deceptive statements regarding the sponsorship applications and approval

---

[2] The "U.S. Distributor Application," attached as Exhibit A to the Complaint, defines "personal sponsor" as the "distributor who referred you to the company." "Placement sponsor" is defined as the "distributor you are placed directly under."

process for the sponsorship changes. Plaintiff claims to have lost $10,000 per month in income since October 2006 because the sponsorship changes she sought were denied.

On May 23, 2007, Plaintiff filed suit against Defendant in the Superior Court of Fulton County, Georgia. She sought declaratory judgment, pursuant to O.C.G.A. §§ 9-4-1, et seq., that Defendant breached the distribution agreement, and she claimed that Defendant's denial of the sponsorship changes Plaintiff requested violated the GFBPA, O.C.G.A. §§ 10-1-390, et seq.

On June 29, 2007, Defendant removed the action to this Court.[3] Defendant answered the Complaint on July 9, 2007 [2].

The parties filed their Joint Preliminary Report and Discovery Plan on August 8, 2007. The Court approved the Joint Preliminary Report and Discovery Plan through its Scheduling Order on August 29, 2007.

---

[3] The Court has diversity jurisdiction over this action. 28 U.S.C. § 1332(a). Plaintiff is alleged to be a citizen of Georgia. Defendant is alleged to be a Utah corporation. See id. § 1332(c)(1). The amount in controversy is alleged to exceed $340,000.

On September 7, 2007, Defendant moved for partial judgment on the pleadings [9], arguing that the GFBPA does not apply to the distribution relationship between it and Plaintiff.

On September 17, 2007, Plaintiff moved for leave to amend her Complaint [11].  Plaintiff seeks to join Wilson as a plaintiff, add certain factual allegations regarding the Defendant, and add new claims under the Georgia Sale of Business Opportunities Act ("SOBOA") and the Georgia Uniform Deceptive Trade Practices Act.

On February 4, 2008, Defendant moved for summary judgment on the original complaint [34].

## II.  DISCUSSION

### A.  **Plaintiff's Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides:

> (1)  Amending as a Matter of Course.  A party may amend its pleading once as a matter of course:
>
> (A)  before being served with a responsive pleading; or
>
> (B)  within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.[4]

"Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003); accord Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court is also required to enter a scheduling order in its cases. Fed. R. Civ. P. 16(b)(1). "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Id. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Id. 16(b)(4). The "good cause" standard for modification of a scheduling order "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). In cases where a plaintiff seeks leave to amend the complaint

---

[4] The Court cites the revised version of the Federal Rules of Civil Procedure effective December 1, 2007. Any differences between the current version of the Rules cited herein and those previously in effect when the parties filed their briefs are stylistic only.

outside of deadlines set in the scheduling order, the plaintiff must show "good cause" for the Court to modify its order and allow amendment. Id. at 1419; Alexander v. AOL, 132 F. App'x 267, 269 (11th Cir. 2005) (affirming district court's denial of motion to amend filed seven weeks after deadline set in the scheduling order).

The Scheduling Order in this case provides that "[a]mendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law." [4] at 9, [8]. The parties filed their Preliminary Report and Discovery Plan on August 8, 2007, making September 7, 2007 the deadline for any amendments. Since Plaintiff filed her amendment on September 17, 2007, her amendment was untimely, and she would normally be required to show good cause for the delay.

In this case, however, the Court reluctantly will allow the Plaintiff to amend her complaint because her delay in seeking the amendment was minor and because Plaintiff asserts new claims which, considering judicial economy and the interest of justice, are best considered in this action rather than in a new lawsuit. Most of the amendments seek to allege new facts limited in scope or seek to correct errors in

corporate titles and relationships, none of which appear to prejudice the Defendant. The Court also notes that Plaintiff had stated in the Preliminary Report and Discovery Plan that she intended to join Wilson as a plaintiff. [4] at 8. As for the new claims,[5] the Court grants Defendant additional time to move to dismiss those new claims, if desired. Pleading in this action must close at some point. Accordingly, Plaintiff is prohibited from filing any further amendments to the pleadings unless she is expressly permitted by law or by the Court.

### B.  Defendant's Motion for Partial Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed – but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). "A motion for

---

[5] Plaintiff asserts that her claim under the SOBOA is not, in fact, new, but rather was included in her original claim under the GFBPA. Plaintiff bases her argument on the close proximity of the GFBPA, O.C.G.A. §§ 10-1-390-407, to the SOBOA, id. §§ 10-1-410-417, in the Georgia Code. While this is an interesting argument, put simply, these are two different claims based on two different code sections. The Defendant should not be required to sift through Georgia statutes, even a few pages, to determine how to defend itself. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (a plaintiff's claims must "give the defendant fair notice of what the claim is and the grounds upon which it rests") (internal quotation marks omitted). This is true even though a violation of the SOBOA also constitutes a violation of the GFBPA (but not vice-versa). O.C.G.A. § 10-1-417(b).

judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).  The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 127 S. Ct. at 1974.  A formal recitation of the elements of a cause of action is not sufficient without adequate factual allegations stating a plausible claim for relief.  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).

   The GFBPA is a consumer protection statute that proscribes "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce . . . ."  O.C.G.A. § 10-1-393(a).  The statute defines "consumer acts or practices" as "acts or practices intended to encourage

consumer transactions," id. § 10-1-392(a)(2.1), and "consumer transactions" as "the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes." Id. § 10-1-392(a)(3). "In order for conduct to be actionable under the [GFBPA], it must be within that class of conduct made unlawful by" the GFBPA. Ga. ex rel. Ryles v. Meredith Chevrolet, Inc., 244 S.E.2d 15, 18 (Ga. App. 1978), aff'd 249 S.E.2d 87 (Ga. 1978).

The GFBPA applies solely to relationships with the consuming public. "'One may bring a private suit under the [GFBPA] only if he is individually injured by the breach of a duty owed to the consuming public in general. [The Act] does not encompass suits based upon allegedly deceptive or unfair acts or practices which occur in an essentially private transaction.'" Pryor v. CCEC, Inc., 571 S.E.2d 454, 455 (Ga. App. 2002) (quoting Lynas v. Williams, 454 S.E.2d 570 573 (Ga. App. 1995)). Georgia courts have often held that contractual business relationships, such as those between manufacturers and suppliers or distributors and retailers, are not subject to the GFBPA. Meredith Chevrolet, 244 S.E.2d at 19 ("the medium chosen to introduce that act into the stream of commerce, i.e., a private sale limited to nonconsumers, is outside the context of consumer

commerce"); Benchmark Carpet Mills, Inc. v. Fiber Indus., Inc., 311 S.E.2d 216, 218 (Ga. App. 1983) ("The crucial fact remains that the alleged offensive activity, the fraudulent failure to furnish an ample supply of the yarn, was a matter strictly between Fiber Industries and Benchmark and arose from a private agreement between those 'nonconsumers.'"); O'Brien v. Union Oil Co. of Ca., 699 F. Supp. 1562, 1570 (N.D. Ga. 1988) ("[N]o recovery may be had under the [GFBPA] because the acts complained of occurred in an essentially private transaction. There is no allegation or reason to believe that defendant's acts, even if unfair and deceptive, had any impact on the consumer marketplace.").

Plaintiff in this case is a distributor of Defendant's products. She admits the relationship between the parties is governed by contract, and none of Plaintiff's allegations indicate that this dispute concerns an ordinary consumer relationship. Plaintiff's allegations center on allegedly false and misleading representations of the Defendant in connection with the terms and conditions of the distribution agreement between the parties. Georgia courts have routinely held that contractual relationships between private parties are not subject to the provisions of the GFBPA. Plaintiff's claim under the GFBPA must be dismissed.

Plaintiff argues that her claim GFBPA claim should not be dismissed because her amended claim under the SOBOA is deemed to "constitute an unfair or deceptive act or practice in the conduct of a consumer act or practice or consumer transactions under Part 2 of this article, the 'Fair Business Practices Act of 1975[.]'" O.C.G.A. § 10-1-417(b).  The Court has already determined to allow Plaintiff's amended complaint and has already stated that Plaintiff's claims under the GFBPA and SOBOA are distinct.  To the extent Defendant wishes to move for dismissal of the new SOBOA claim, it may do so within the time limits set in this Order.

### C. Defendant's Motion for Summary Judgment

On February 4, 2008, Defendant moved for summary judgment on the breach of contract and GFBPA claims in the original complaint.  The Court has determined that Plaintiff's claim under the GFBPA is required to be dismissed.  Accordingly, Defendant's motion for summary judgment is denied as moot.[6]

---

[6] Defendant's motion for summary judgment is moot as to the GFBPA claim because the Court has determined that Plaintiff's GFBPA claim is required to be dismissed.  As for the breach of contract claim, the Court's denial of the current summary judgment motion is specifically without prejudice to the Defendant's ability to move for dismissal of the Amended Complaint or to file a second motion for summary judgment on the claims asserted in the Amended Complaint, including the original breach of contract claim.

Defendant has notified the Court that it intends to move for judgment as a matter of law on the claims in the Amended Complaint. [34] at 12 n.3. Defendant may file its motion to dismiss the claims in the Amended Complaint within the time limits set forth in this Order.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [11] is **GRANTED**. Plaintiff is reminded that no further amendments to the pleadings will be permitted, unless expressly permitted by law or by Order of the Court.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings [9] is **GRANTED**. Plaintiff's claim under the Georgia Fair Business Practices Act of 1975 is **DISMISSED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant will have up to and including **March 10, 2008** to answer, move, or otherwise plead in response to the Amended Complaint.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion for Summary Judgment [34] is **DENIED AS MOOT**, specifically without prejudice to

the Defendant's ability to move for summary judgment on the Amended Complaint, including the original breach of contract claim.

**SO ORDERED** this 12th day of February 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE